UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

*********************************  )
**Alyssa Rhude,**                   )
**Plaintiff**                       )
                                    )
**v.**                              )   CIVIL ACTION: 1:23-cv-00317-SE
                                    )
**175 Blueberry Lane Operations, d/b/a** )
**Laconia Rehabilitation Center,**  )
**Defendant**                       )
                                    )

# COMPLAINT[1] AND DEMAND FOR A JURY TRIAL

## INTRODUCTION

This is a pregnancy discrimination in employment action brought under the Federal anti-discrimination/employment laws of the United States: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq., for discrimination and retaliation (Counts I-II); and under state law, NH RSA 354-A, for retaliation (Count III).

## PARTIES

1. Plaintiff Alyssa Rhude is a resident of Campton, New Hampshire, who was formerly employed by the Defendant.

2. Defendant 175 Blueberry Lane Operations, LLC, d/b/a Laconia Rehabilitation Center, is a limited liability company registered in New Hampshire, operating a skilled nursing facility. It employs in excess of twenty employees.

## JURISDICTION AND VENUE

---

[1] Filed pursuant to Order of 07-19-23 on Parties' Joint Assented-to Motion for Procedural Order.

1

3. This action is brought pursuant to this Court's Federal question jurisdiction under 28 U.S.C. §1331, and its supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1337(a).

4. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the events and omissions giving rise to Plaintiff's claims occurred in New Hampshire.

5. Plaintiff timely co-filed and subsequently amended a Charge of Discrimination with the New Hampshire Commission for Human Rights (Commission) and the Equal Employment Opportunity Commission (EEOC).

6. On or about March 10, 2023, the Commission found probable cause with respect to Plaintiff's claim of retaliation.

7. On or about May 17, 2023, Defendant removed the action to Belknap County Superior Court.

8. On or about June 16, 2023, Defendant removed the action to this Court.

9. Upon Defendant's removal to this Court Plaintiff sought and received an EEOC Right to Sue letter, on July 18, 2023.

## FACTS COMMON TO ALL COUNTS

10. Plaintiff was hired by Defendant on or about December 2016 as a licensed nursing assistant (LNA).

11. Plaintiff was qualified for her position and throughout her employment performed her job well.

12. After she was hired, Plaintiff performed in her LNA position on a set schedule, for twelve-hour overnight shifts (7 p.m. to 7 a.m.) every Monday, Tuesday, and Thursday.

13.     On or about March 2018 Plaintiff had to relinquish the Monday twelve-hour overnight shift due to other demands on her time.  Thereafter, she worked every Tuesday and Thursday twelve-hour shift.

14.     In February or March 2018, Plaintiff learned she was expecting her third child, and she informed the Defendant.

15.     Plaintiff's anticipated due date was September 2018.

16.     On or about January 2018, Defendant had hired a registered nurse, Roze Rich, RN (RN Rich).

17.     After RN Rich became employed, one of the shirts the Defendant scheduled her to work was the Tuesday overnight shift, on the same unit that Plaintiff worked on.

18.     RNs have supervisory authority over LNAs.

19.      Beginning on or about 11 p.m. on the Tuesday, July 3, 2018 overnight shift, and continuing for much of the night and into early morning hours of Wednesday, July 4, 2018, RN Rich verbally shouted at and harassed Plaintiff, loudly accusing her of being "useless," and "doing nothing."

20.     In an obvious criticism related to Plaintiff's pregnancy, RN Roze claimed Plaintiff "would not get her fat ass up to answer a light."

21.     RN Rich postured and physically threatened Plaintiff, charging at her while shouting false accusations and criticisms of Plaintiff.

22.     A number of other shift employees witnessed RN Rich's hostile treatment of Plaintiff.

23.     Plaintiff felt intimidated, physically unwell, and unsafe in the workplace, as a result of this verbal and physical attack.

24. Although she was shaken, Plaintiff managed to complete her shift.

25. Plaintiff made out a written complaint, which she left under the Director of Nursing, Susan Fleming's door.

26. Plaintiff subsequently made other individuals aware of her complaint, among them, Josephine LaBranche in Human Resources, and the scheduler, Michele Landry.

27. Defendant has a written policy on discrimination and harassment complaints which states, *inter alia*: (1) that "[e]very report of alleged harassment or discrimination will be fully, fairly and promptly investigated by the location manager or other manager, in consultation with Human Resources representative/manager[ ];" (2) that "corrective action will be taken where appropriate[ ];" (3) and that at the conclusion of the investigation, "the individual making the complaint and the individual(s) who are the subject of the complaint will receive information regarding the result . . . ."

28. Defendant did not tell Plaintiff it investigated her complaint, nor did it inform her whether or not corrective action was taken, or inform her of any result of investigation.

29. Plaintiff let Defendant know she did not feel safe in RN Rich's presence and she requested that RN Rich either be assigned at the same time to another unit and/or that she be assigned another shift.

30. Fleming and Landry gave Plaintiff the impression that they agreed and would assign RN Rich differently, however, Defendant did not make that change.

31. Because Defendant failed to investigate and address Plaintiff's harassment complaint, Plaintiff could not work her scheduled Tuesday shifts, resulting in financial hardship.

32. On August 30, 2018, Plaintiff met with Josephine LaBranche and requested 12 weeks of postpartum leave.

33. Plaintiff understood that this request was approved.

34. Plaintiff went out on leave September 6, 2018.

35. On October 3, 2018, Plaintiff filed a Charge of Discrimination in the Commission and the EEOC against the Defendant.

36. On October 15, 2018, less than two weeks after Plaintiff filed the Charge of Discrimination, Plaintiff received an email from Defendant stating she was only approved for six weeks of postpartum leave.

37. Plaintiff learned and informed the Defendant that she had to have a post-pregnancy related surgical procedure before she was medically cleared to return to work.

38. Plaintiff contacted scheduler Landry on November 14, 2018 to let her know she would be cleared to return in three to four weeks.

39. Before Plaintiff began her leave, Landry assured Plaintiff she would be returned to her original job, weekly Tuesday and Thursday overnight twelve-hour shifts.

40. Plaintiff asked Landry on November 14, 2018 to confirm that expectation.

41. Landry did not directly respond, other than to say Plaintiff should "get with her" in the coming weeks when her return was imminent.

42. Plaintiff was cleared to return to work on December 11, 2018.

43. Just prior to that, Fleming and Sandra Chaplin, an HR representative, began contacting Plaintiff.

44. Plaintiff was surprised when they asked what shifts she wanted to work upon return.

45. Plaintiff let them know she wanted to be returned to the position she held prior to leave, Tuesday and Thursday overnights.

46. Defendant refused to return Plaintiff to those shifts.

47. Defendant offered alternative shifts that Plaintiff was not able to accept due to competing scheduling needs of her family.

48. When Plaintiff let Defendant know she could not work a schedule other than the one she held previously, Defendant asked if Plaintiff was resigning.

49. Defendant refused to reinstate Plaintiff to her pre-postpartum leave schedule in retaliation for Plaintiff complaining about pregnancy discrimination prior to her leave, and in retaliation for Plaintiff filing a Charge of Discrimination with the Commission and the EEOC.

## COUNT I

## Violation of 42 U.S.C. §2000e(k)

## Discrimination

50. Defendant intentionally engaged in an unlawful employment practice of harassing Plaintiff and discriminating against her in the terms and conditions of her employment, on account of her pregnancy.

## COUNT II

## Violation of 42 U.S.C. §2000e-3(a)

## Retaliation

51. Defendant intentionally retaliated against Plaintiff, and failed to return her to her job when she was cleared to return to work, for complaining about being harassed and discriminated against on account of her pregnancy.

## COUNT III

## Supplemental State Law Claim for Violation of NH RSA 354-A:19

## Retaliation

52. Defendant did not return Plaintiff to her job in retaliation for Plaintiff complaining about being harassed and discriminated against on account of her pregnancy.

**WHEREFORE**, Plaintiff respectfully requests:

A. That this Court enter a declaratory judgment that Defendant's actions against Plaintiff violate the laws of the United States and the State of New Hampshire;

B. That Plaintiff be awarded past and future lost wages including loss of fringe benefits which resulted from the illegal discrimination and retaliation;

C. That Plaintiff be awarded compensatory, enhanced compensatory, and punitive damages;

D. That Plaintiff be awarded the costs of this action including expert costs and her reasonable attorney's fees;

E. That Plaintiff be awarded prejudgment interest;

F. That Plaintiff be compensated for any tax loss arising out of this Court's judgment;

G. That this Court order the Defendant to provide and require training for all employees regarding pregnancy discrimination and retaliation and other forms of illegal discrimination; and,

H. Whatever other relief this Court deems just and proper.

    Respectfully submitted,

    ALYSSA RHUDE
    By the Through Her Attorney
    Purcell Law Office, PLLC

DATED: August 30, 2023      BY:*/s/ Ellen Purcell*
    Ellen Purcell, Esq.

Bar No.: 15880
One New Hampshire Ave., Ste. 125
Portsmouth, New Hampshire 03801
(603) 516-0333
epurcell@purcelllawnh.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 30th day of August 2023, I electronically filed the foregoing document using the CM/EFC system, to send notification of such filing to the following:

Joshua D. Nadreau
NH Bar No.: 273017
Fisher & Phillips, LLP
200 State Street, 7th Floor
Boston, MA 02109
(617) 722-0044
jnadreau@fisherphillips.com


*/s/ Ellen Purcell*